IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR,<br><br>            Plaintiff,<br><br>       v.<br><br>KABIR MATHARU, et al.,<br><br>            Defendants. | No.  2:19-CV-2368-DMC-P<br><br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's complaint (ECF No. 1).  Plaintiff claims his Eighth Amendment rights have been violated due to the defendants' deliberate indifference to his serious medical needs.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

1

1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names five defendants: (1) Kabir Matharu, (2) Edith Nze, (3) Julie Wood, (4) Antonina Filenko, and (5) Booker.

Plaintiff, a prisoner at Mule Creek State prison, suffers from many afflictions due to chronic obstructive pulmonary disease. Plaintiff frequently experiences respiratory distress that requires him to seek medication from his housing facility's clinic. Beginning in the summer of 2018, nurses at the clinic began blocking their visitation windows and ignoring plaintiff when he sought treatment in distress.

Defendant Nze, a nurse at the clinic, refused to treat plaintiff on multiple occasions without justification. In addition to repeatedly blocking her window, on June 17, 2019, defendant Nze directly refused to supervise plaintiff while he was being treated, as she is required to do. On June 18, 2019, defendant Nze refused to treat plaintiff while he was displaying signs of respiratory distress, resulting in plaintiff collapsing in the yard. Defendant Nze finally treated plaintiff after an unidentified correctional officer ordered her to help plaintiff an hour and a half later.

Similarly, defendant Filenko, another nurse at the clinic, routinely blocked her window and even fled her post to avoid treating plaintiff. Defendant Filenko also refused to treat plaintiff on June 18, 2019, when plaintiff was forced to wait one and a half hours and subsequently collapsed from respiratory distress.

///

1   According to plaintiff, defendants Matharu, Wood, and Booker failed to order the
2   nurses to unblock their windows or otherwise treat plaintiff promptly upon request.
3   As a result of the above-mentioned conduct, plaintiff claims that each defendant
4   acted with deliberate indifference towards his serious medical needs, violating his Eighth
5   Amendment rights.

## II. DISCUSSION

Plaintiff states sufficient factual allegations to bring cognizable claims against defendants Nze and Filenko for their direct deliberate indifference to plaintiff's serious medical needs, violating his Eighth Amendment rights. The Court, however, finds that plaintiff fails to state cognizable claims against defendants Matharu, Booker, and Wood as medical supervisors.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

1   Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the
2   official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.
3   Plaintiff merely alleges that defendants Matharu, Booker, and Wood knew that the
4   nurses blocked the clinic windows, causing plaintiff difficulty in receiving his treatment.
5   However, mere knowledge and acquiescence in a subordinate's unconstitutional conduct in
6   sufficient to hold supervisors liable under § 1983. See id.  Plaintiff never states any facts to
7   suggest that defendants Matharu, Booker, or Wood had implemented a policy, or otherwise
8   directed, defendants Nze and Filenko to treat plaintiff in an allegedly unconstitutional manner.
9   Therefore, plaintiff fails to state a cognizable claim against defendants Matharu, Booker, and
10  Wood.
11  Regarding defendants Matharu and Wood, specifically, plaintiff's complaint is
12  unclear as to whether they actually had authority to manage defendants Nze and Filenko.
13  According to plaintiff, defendant Matharu ordered that plaintiff receive immediate treatment on
14  June 20, 2019, but the nurses defied the urgent order by blocking their windows. See ECF No. 1
15  at 17-18. Plaintiff's allegations are even more uncertain on issue of whether defendant Wood is
16  liable as a supervisor, as he stated that she "worked with those nurses, supervised them
17  (perhaps)." Id. at 22.  Thus, plaintiff undermines his claims of supervisor liability against
18  defendant Wood and Mathaure.
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  June 18, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE