IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATHARU, et al.,<br><br>　　　　Defendants. | No.  2:19-CV-2368-DJC-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  Pending before the Court is Defendants' motion, ECF No. 24, for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Defendants have filed a request for judicial notice in support of their motion, ECF No. 24-1.  Plaintiff has filed an opposition, ECF No. 28.  Defendants have filed a reply, ECF No. 29.

　　　　Motions under Rule 12(c) are similar to motions under Rule 12(b) in that judgment on the pleadings is appropriate if ". . . it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).  Rather than testing whether the factual allegations state a claim, motions under Rule 12(c) test whether, even if all the facts alleged in the complaint can be proved, defendants are nonetheless entitled to judgment as a matter of law.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).  All non-

1

conclusory factual allegations in the complaint must be assumed to be true. See Austad v. United States, 386 F.2d 147, 149 (9th Cir. 1967); see also McGlinchy, 845 F.2d at 810.

### I.  PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's first amended complaint. See ECF No. 11. Plaintiff names the following as defendants: (1) Kabir Matharu, a physician at Mule Creek State Prison; (2) Edith Nze, a licensed vocational nurse at Mule Creek State Prison; and (3) Antonina Filenko, also a licensed vocational nurse at Mule Creek State Prison. See id. at 1-2.

Plaintiff states that Defendant Matharu was Plaintiff's doctor from January through July 2019. See id. at 4. According to Plaintiff, he was repeatedly examined by Defendant Matharu during this time period for Plaintiff's diagnosed lung disease and "lesser medical problems." Id. Plaintiff states that, on the doctor's orders, he reported to the nursing window when in respiratory distress only to find the nursing window closed. See id. Plaintiff claims this prevented him from obtaining medical care. See id. Plaintiff states that he sometimes waited for hours to receive medical care or received none at all. See id. at 4-5. Plaintiff states that, despite informing Defendant Matharu of this problem, Defendant Matharu never took steps to ensure he was provided timely treatment. See id. at 5. Plaintiff also alleges that, on numerous occasions, he complained to Defendant Matharu about not receiving breathing treatments but that Defendant Matharu "never acted at all to help plaintiff. . . ." Id. at 7.

Plaintiff next claims Defendant Nze deliberately blocked the nursing window to deny Plaintiff treatment. See id. at 9. Plaintiff also claims that Defendant Filenko intentionally refused to provide Plaintiff "routine monthly injections" or prescribed breathing treatment when he presented to her window. See id. More specifically, Plaintiff alleges Defendant Filenko "fled from her post specifically so she would not have to give plaintiff a breathing treatment." Id. at 11.

/ / /
/ / /
/ / /
/ / /

## II. DISCUSSION

In their motion for judgment on the pleadings, Defendants argue that the current action is barred in its entirety by the doctrine of claim preclusion. See ECF No. 24.

Two related doctrines of preclusion are grouped under the term "res judicata." See Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008). One of these doctrines – claim preclusion – forecloses "successive litigation of the very same claim, whether or not re-litigation of the claim raises the same issues as the earlier suit." Id. Stated another way, "[c]laim preclusion. . . bars any subsequent suit on claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009). "Newly articulated claims based on the same nucleus of facts are also subject to a res judicata finding if the claims could have been brought in the earlier action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). Thus, claim preclusion prevents a plaintiff from later presenting any legal theories arising from the "same transactional nucleus of facts." Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 686 n.2 (9th Cir. 2005).

The party seeking to apply claim preclusion bears the burden of establishing the following: (1) an identity of claims; (2) the existence of a final judgment on the merits; and (3) identity or privity of the parties. See Cell Therapeutics, 586 F.3d at 1212; see also Headwaters, Inc. v. U.S. Forest Service, 399 F.3d 1047, 1052 (9th Cir. 2005). Determining whether there is an identity of claims involves consideration of four factors: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. See ProShipLine, Inc. v. Aspen Infrastructure Ltd., 609 F.3d 960, 968 (9th Cir. 2010). Reliance on the first factor is especially appropriate because the factor is "outcome determinative." Id. (quoting Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005)). As to privity of the parties, "privity . . . [arises] from a limited number of legal relationships in which two parties have identical or transferred rights with respect to a particular legal interest." Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1053 (9th Cir. 2005).

As reflected in Defendants' request for judicial notice (RJN), Plaintiff filed a prior action in September 2019 against Padgett, a Correctional Officer at Mule Creek State Prison assigned to the medical clinic in early 2019. See ECF No. 24-1. The Court may take judicial notice of prior court proceedings. See Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967). Defendants provide the following summary of the prior action:

> In September 2019, O'Connor initiated *O'Connor v. Padgett*, Case No. 2:19-cv-01926-DMC (E.D. Cal.), against Padgett, a correctional officer assigned to the Mule Creek State Prison medical clinic in early 2019. O'Connor alleged that in February 2019, Officer Padgett forced him to wait outside until it was time for his appointment at the medical clinic, which exacerbated his lung diseases. RJN Ex. A at 10. O'Connor asserted an Eighth Amendment deliberate indifference to medical needs claim under 42 U.S.C. § 1983. *Id.* at 10; RJN Ex. C at 3. (footnote omitted).
> O'Connor claimed that Officer Padgett should have allowed him to wait inside the clinic for his appointment because Officer Padgett knew O'Connor was a "high-risk respiratory patient." *Id.* at 10. Officer Padgett allegedly knew of O'Connor's breathing conditions because he previously supervised O'Connor's "many breathing treatments using a nebulizer machine." *Id.* O'Connor stated that he waited outside for his appointment, but he "began to have what he knew to be a COPD [Chronic Obstructive Pulmonary Disease] attack." *Id.* at 9. (footnote omitted). O'Connor alleged that a COPD attack, such as the one that occurred while waiting for his appointment, involved "prolonged coughing" and "gagging." *Id.* at 14. O'Connor claimed that he could not ask for a "breathing treatment" at this time because of a nursing staff policy that required inmates with certain conditions to receive their injections before he could receive a breathing treatment. *Id.* at 11.
> O'Connor claimed that he exhausted relevant administrative appeals on August 20, 2019, when the California Department of Corrections and Rehabilitation's (CDCR) third level of review denied the relevant appeal. *Id.* at 16. The Court screened O'Connor's September 2019 complaint under 28 U.S.C. § 1915A(a) and found his claims, liberally construed, alleged a cognizable Eighth Amendment deliberate indifference to medical needs claim. RJN Ex. B. The parties dismissed this action with prejudice through a stipulation for voluntary dismissal with prejudice on December 18, 2020, pursuant to a settlement agreement. RJN Exs. D, E. O'Connor agreed to release "CDCR, Defendant(s), whether named or unnamed and whether served or unserved, and any other past or current CDCR employees from all claims, past, present and future, known or unknown, that arise or could arise from the facts alleged in the Complaint." RJN Ex. E at 2.

ECF No. 24, pgs. 3-4.

///
///
///

A. **Identity of Claims**

Defendants contend there is an identify of claims between the current action and the prior action against Padgett. See ECF No. 24, pgs. 9-10. By way of background, Defendants state:

> "[T]he inquiry into the 'same transactional nucleus of facts' is essentially the same as whether the claim could have been brought in the previous action." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012) (quoting *United States* v. *Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011).

ECF No. 24, pg. 7.

Defendants add:

> A comparison of O'Connor's claims in *Padgett* and this action regarding CDCR staff's alleged deliberate indifference to O'Connor's lung diseases establish an identity of claims because they arise out of the same transactional nucleus of facts and involve the alleged infringement of the same right. *Compare* FAC, ECF No. 11, *with* RJN Ex. A.
> Both actions allege violations of the Eighth Amendment regarding deliberate indifference to O'Connor's lung diseases. *Id.* Both actions allege that, in early 2019, CDCR staff at the Mule Creek State Prison medical clinic exacerbated O'Connor's lung diseases when they forced him to wait to receive the medical care he sought for his lung diseases. *Compare* FAC, ECF No. 11 at 4, 9–11, *with* RJN Ex. A at 10. Both actions allege that O'Connor was denied access to breathing treatments and that he could not access those breathing treatments because nursing staff prioritized giving injections to other inmates. *Compare* FAC, ECF No. 11 at 9, 11, *with* RJN Ex. A at 11. Both actions allege that O'Connor suffered the same harm, which was increased symptoms associated with his lung diseases including "prolonged coughing" and "gagging." *Compare* FAC, ECF No. 11 at 4, *with* RJN Ex. A at 14. And, in both actions, O'Connor requested the same relief in the form of compensatory and punitive damages. *Compare* FAC, ECF No. 11 at 14, *with* RJN Ex. A at 7.
> The slight variances between O'Connor's allegations in these two actions do not eliminate the identity of claims, because claim preclusion bars claims brought and those that could have been brought. *See Liquidators of Eur. Fed. Credit Bank*, 630 F.3d at 1151 ("If the harm arose at the same time, then there was no reason why the plaintiff could not have brought the claim in the first action."). While the incidents asserted in each action identify separate individual incidents, they both assert conduct from early 2019 involving CDCR staff at the Mule Creek State Prison medical clinic and O'Connor's lung diseases. *Compare* FAC, ECF No. 11 at 4, 9–11, *with* RJN Ex. A at 10. Common to both actions is O'Connor's claim that CDCR staff improperly cared for his lung diseases, including allegedly forcing him to wait to receive medical care, resulting in the same outcome—an exacerbation of O'Connor's lung disease symptoms in the form of "prolonged coughing" and "gagging." *Compare* FAC, ECF No. 11 at 4, *with* RJN Ex. A at 14. The primary difference between the claims in the two actions appears to be that O'Connor alleges the

> Defendants continually acted with deliberate indifference to his lung diseases between January 2019 and June 2019, whereas Officer Padgett only acted with deliberate indifference on a single occasion in February 2019. *Compare* FAC, ECF No. 11 at 4, 9, 11, *with* RJN Ex. A at 10.
>
> Further showing that the claims in both actions arise from the same nucleus of fact is the timing of when O'Connor claims he exhausted relevant administrative appeals. The date when O'Connor claims to have exhausted relevant administrative appeals, giving him access to litigate the claims in federal court on the same date—August 20, 2019. *Compare* FAC at 12 *with* RJN Ex. A at 16; *see* 42 U.S.C. § 1997e. This date, and the date he filed *Padgett*, both occurred after the incidents giving rise to the claims in both actions. *See* RJN Ex. A (filed in September 2019). At the time O'Connor filed *Padgett*, the claims in this action were available, but O'Connor failed to assert the instant action's claims. *Compare* FAC at 12 *with* RJN Ex. A at 16; *see* 42 U.S.C. § 1997e. Thus, as O'Connor alleges, he gained access to federal court to bring forward the claims in both actions against CDCR staff at the Mule Creek State Prison medical clinic on the same date, and he should have brought the claims asserted in both actions in *Padgett*, which were available to assert, but failed to do so. *See id.*
>
> The remaining identity-of-claims factors are also present. The continued litigation of the current action will destroy the interests of CDCR staff to the finality of the alleged wrongful acts regarding their treatment of O'Connor's lung diseases in early 2019. Next, to successfully prosecute the claims asserted in both actions, O'Connor would need to rely on the same evidence. Both actions rely upon the status of O'Connor's lung diseases in early 2019 to show that the actions of CDCR staff created a substantial risk of serious harm to O'Connor and that CDCR staff were deliberately indifferent to his medical needs. *See, e.g. Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Colwell v. Bannister*, 763 F.3d 1060, 1067 (9th Cir. 2014).

ECF No. 24, pgs. 9-10.

As explained above, determining identity of claims involves consideration of the following: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. See ProShipLine, Inc., 609 F.3d at 968. The first factor is the most illustrative. See id.

The Court finds Defendants' argument persuasive. After negotiating a settlement and voluntary dismissal of the prior action on December 21, 2019, Plaintiff continued to pursue this action. Both cases are based on allegations arising from medical care in 2019 related to Plaintiff's lung disease. Thus, considering the first, and most determinative factor, the two cases

6

arise out of the same transactional nucleus of facts.  The third factor also counsels in favor of a finding of claim preclusion in that both cases involve rights under the Eighth Amendment to adequate medical care while in prison.  Further, given that the evidence involving liability related to treatment of Plaintiff's lung disease, as alleged in both actions, would necessarily be substantially the same, the fourth factor tips in favor of claim preclusion.

Finally, as to the second factor, the Court finds in favor of Defendants.  Specifically, the rights and interests established by the negotiated settlement of the prior action would be impaired by allowing the current action to proceed.  Upon settlement of the prior action, the government would have reasonably presumed that the dispute arising from Plaintiff's treatment of his lung disease in 2019 was resolved.  Nonetheless, despite representing his good faith participation in settlement of the prior action, Plaintiff continued to pursue the current action involving essentially the same core claim – treatment of his lung disease in 2019.  Findings against claim preclusion here would impair and thwart the government's interest in a final resolution of this specific dispute.

Upon consideration of the factors identified above, the Court finds that there is a sufficient identity of claims to warrant claim preclusion.

B. **Final Judgment on the Merits**

The Court agrees with Defendants that Plaintiff's voluntary dismissal of the prior action against Padgett, pursuant to a settlement agreement, constituted a final judgment on the merits.  See Int'l Union of Operating Eng'rs v. Karr, 944 F.2d 1426, 1429 (9th Cir. 1993) (holding that voluntary dismissal pursuant to a settlement agreement was a final judgment on the merits for purposes of claim preclusion).  Thus, the second element for application of claim preclusion is satisfied.

/ / /

/ / /

/ / /

/ / /

/ / /

### C. **Privity of Parties**

Defendants contends that there exists a privity of parties between them and Officer Padgett sued in the prior action. See ECF No. 24, pgs. 11-12. According to Defendants:

> Privity of parties exists between Officer Padgett and Dr. Matharu, Nurse Nze, and Nurse Filenko. For example, in the context of defendant chaplains employed by the Federal Bureau of Prisons, *Church of New Song v. Establishment of Religion on Taxpayers' Money* held that the prison employees were in privity for claim preclusion purposes in an inmate-initiated federal civil rights lawsuit, even though the chaplains worked at different federal prisons located in Illinois and Texas. 620 F.2d 648, 654 (7th Cir. 1980). Because the chaplains were both employees of the Federal Bureau of Prisons, they were in privity. *Id.*
>
> Similarly, the Northern District of California concluded in *Stearns v. Flores* that a lieutenant at Pelican Bay State Prison was in privity for claim preclusion purposes, even though the lieutenant was not named in the prior action. No. C 03-0562, 2007 WL 1119213, at *4 (N.D. Cal. Apr. 16, 2007). The Court concluded that the lieutenant at Pelican Bay State Prison was in privity with the prison officials at Corcoran State Prison, who were parties to the prior action, and held that the subsequent claim against the lieutenant was precluded. *Id.*
>
> Here, similar to prison officials in *Church of New Song* and *Stearns*, the defendants in *Padgett* and this action are in privity for purposes of claim preclusion. Officer Padgett, Dr. Matharu, Nurse Nze, and Nurse Filenko, as CDCR staff at the Mule Creek State Prison medical clinic, are officials and employees of the same governmental organization and share a commonality of interest in the actions. *Compare* FAC at 1–2 *with* RJN Ex. A at 2. They, therefore, are in privity for purposes of claim preclusion. *See Fund for Animals*, 962 F.2d at 1398; *compare* FAC at 1–2 *with* RJN Ex. A at 2.

ECF No. 24, pgs. 11-12.

As in the cases cited by Defendants, the defendant in the prior action – Padgett – and the current defendants are all employees of the same governmental institution – the California Department of Corrections and Rehabilitation (CDCR). Moreover, they are all employees of the same CDCR-operated prison – Mule Creek State Prison. Having concluded that there is an identity of claims and a prior judgment on the merits, the Court also concludes that the parties are in privity given that the defendants are all CDCR employees and the plaintiff is the same individual in both cases.

///

///

///

## III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' request for judicial notice, ECF No 24-1, and motion for judgment on the pleadings, ECF No. 24, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 15, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE